[Cite as *State v. Lee*, 2016-Ohio-41.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 26621 and 26622 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 2014-CR-2466 |
| v. | : | and 2014-CR-3179 |
| | : | |
| ALLYSHA G. LEE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of December , 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

CHARLYN BOHLAND, Atty. Reg. No. 0088080, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Allysha Lee appeals from her conviction and sentence

for Harrassment by an Inmate and Assault on a Local Corrections Officer. She argues that the trial court erred in sentencing because the terms of her community control sanctions are not reasonably related to the statutory purposes of sentencing. She further argues that trial counsel was ineffective for failing to object to the terms of the sanctions.

{¶ 2} We conclude that the terms in the community control sanctions to which Lee takes exception are reasonably related to the purpose of sentencing. Consequently, the trial court did not err by imposing those sanctions, and trial counsel was not ineffective for having failed to object to them. Accordingly, the judgment of the trial court is Affirmed.

## I. Background of the Offenses

{¶ 3} In March 2014, Lee was committed to the Department of Youth Services following an adjudication that she committed an act that, had she been an adult, would have constituted a sexual offense. She was placed in a juvenile detention facility, and was enrolled in a sex offender program.

{¶ 4} On July 16, 2014, police were dispatched to the facility upon a report of harassment. It was determined that Lee had attempted to harm herself, and staff had been required to restrain Lee in order to forcibly remove a metal screw from her mouth. Once the screw was removed, Lee spit blood upon the hand of one of the employees.

{¶ 5} On September 11, 2014, police were again dispatched to the facility. It was determined again that Lee had threatened to harm herself, and that she tried to bite her own wrist. Staff intervened, during which time Lee bit one staff member on the leg, and scratched another staff member on the arm.

## II. The Course of Proceedings

{¶ 6} Lee, who was eighteen at the time of the offenses, was indicted in case number 2014 CR 2466 on one count of Harassment by an Inmate (Bodily Substances), in violation of R.C. 2921.38(A). Thereafter, in case number 2014-CR-3179, she was indicted on two counts of Assault (Local Corrections Officer) in violation of R.C. 2903.13(A) and (C)(2)(b). She pled guilty to all charges.

{¶ 7} At the sentencing hearing the trial court sentenced Lee to community control sanctions for a period not to exceed five years. The termination entry sets forth the following sanctions:

1. Defendant's compliance with the General Conditions of this court for probationers;

2. A term of intensive probation supervision with a sex offender specialist for a period not to exceed five (5) years;

3. A requirement that the offender receive mental health counseling and/or treatment in a community health agency or through private insurance;

4. A requirement that the offender obtains and maintains verifiable employment or attend school on a full time basis and provide verification of enrollment and attendance;

5. A requirement that the offender have no association with anyone under 18 (not to apply to time served in DYS);

6. A requirement that the offender verifies all medications and takes all medications as prescribed;

7. A requirement that the offender abides by any and all conditions ordered by [the Juvenile Court] (including sex offender treatment and sex treatment and sex offender sanctions/conditions);

8. A requirement that the offender sign necessary releases of information;

9. A requirement that the offender not be in any building, structure, room, vehicle or place when you know or have reasonable cause to know that illegal drugs, stolen property or any firearms are present;

10. A requirement that the offender be placed on **"No Breaks"** status.

{¶ 8} Lee appealed in both cases. Her appeals are consolidated for review.

## III. Because There Is Evidence in the Record that Lee's Offenses Were Committed as Part of a Plan to Gain Access to Child Sex Offense Victims, the Terms of her Community Control Sanctions Relating to Sex Offense Treatment and Monitoring Are Not an Abuse of Discretion

{¶ 9} Lee asserts the following two assignments of error:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED COMMUNITY CONTROL SANCTIONS THAT WERE NOT RELATED TO LEE'S CONVICTION, IN VIOLATION OF R.C. 2929.15.

LEE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶ 10} Lee contends that the trial court abused its discretion in ordering community control sanctions that are not related to her conviction. Specifically, she objects to the requirement that she undergo probation supervision by a sex offender specialist, and that she abide by the terms of the juvenile court regarding sex offender treatment, sanctions, and conditions. Lee further contends that she was deprived of the effective assistance of counsel because her attorney failed to object to those sanctions.

{¶ 11} This court has held that when deciding what conditions should accompany a community control sanction, courts must consider how to achieve, in the unique circumstances of the case, the purposes and principles of sentencing, which are to protect the public, to punish the offender, and to impose sanctions that are designed for rehabilitation, with a goal to changing the defendant's behavior. *State v. Bowser*, 186 Ohio App. 3d 162, 2010-Ohio-951, 926 N.E. 2d 714, ¶ 12-13. (2d Dist.). Other appellate courts have established factors to consider when imposing community control sanctions, including whether the condition imposed, "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Oates*, 2013-Ohio-2609, 993 N.E. 2d 846 (3d Dist.); *State v. Fuller,* 2015-Ohio-523, 27 N.E. 3d 574 (8th Dist.).

{¶ 12} Pursuant to R.C. 2929.17 and R.C. 2929.18, the trial court has a broad range of discretion to determine appropriate sanctions that are related to rehabilitation. The trial court is not confined to the evidence that relates solely to the offense for which the defendant is convicted. *Bowser, supra*, at ¶ 15. The trial court may consider the pre-sentence investigation report, as well as "mere allegations of crimes for which the

offender is never prosecuted." *Id.* at ¶ 15. "Generally, abuse of discretion occurs when a decision is grossly unsound, unreasonable, illegal or unsupported by the evidence." *State v. Nichols*, 195 Ohio App. 3d 323, 2011-Ohio-4671, 959 N.E. 2d 1082, ¶ 16 (2d Dist.). A decision is unreasonable if there is no sound reasoning process that would support that decision. *State v. Jones*, 2d Dist. Montgomery No. 25315 & 25316, 2013-Ohio-1925, ¶ 32.

{¶ 13} In this case, the State admits that the offenses of which Lee was convicted do not constitute sex offenses, and that there is no evidence that those offenses were sexual in nature. However, there is a connection between the offenses and the sanctions imposed. The presentence investigation report contains information that Lee committed the offenses while attempting to harm herself. According to the staff at the juvenile facility, Lee's attempts at self-harm were made with the goal to be sent to a hospital where she could be around children, in violation of court orders. The staff information indicates that Lee attempts these type of self-harm incidents on a regular basis in an attempt to manipulate the system in order to gain access to children she could victimize. Furthermore, the PSI report indicates that Lee admitted to her peers that she has committed sex offenses against children. The PSI report indicates that Lee's mother is concerned about her daughter being around children. The PSI indicates that Lee has been the victim of numerous sexual offenses, and that she has been diagnosed with Pedophilia Disorder.

{¶ 14} Given that Lee was in a juvenile facility due to a sexual offense, and that she admitted to victimizing other children, it is reasonable that part of her rehabilitation plan should include sexual offender treatment. Furthermore, we conclude that this

record contains evidence indicating that the offenses that are the subject of this appeal were committed as part of a plan to gain access to children in order to sexually victimize them. Therefore, we conclude that the trial court could reasonably find that the underlying facts of these offenses indicate that they were committed while attempting to commit sexual misconduct.

{¶ 15} We find that the trial court's decision to impose the contested conditions was reasonable – they appear to be designed to address Lee's criminal behavior and to rehabilitate her. We find no abuse of discretion.

{¶ 16} We further conclude, given our finding that the trial court did not abuse its discretion in this regard, that trial counsel was not ineffective for failing to object to the contested provisions.

{¶ 17} Both of Lee's assignments of error are overruled.

## IV. Conclusion

{¶ 18} Both of Lee's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL, J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Christina E. Mahy
Charlyn Bohland
Hon. Richard Skelton for Hon. Frances E. McGee